AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the

Northern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | |
| | ) | Case No.  2:26-MJ-144 |
| Jaleisia Marie Buckley (01) | ) | |
| Jauntray Cleveland (02) | ) | |
| | ) | |
| *Defendant(s)* | | |

**U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED**

AUG - 6 2026

**CLERK, U.S. DISTRICT COURT**
By _____
Deputy

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ August 4, 2026 _____ in the county of _____ Potter _____ in the

_____ Northern _____ District of _____ Texas _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) (viii) | Possession with Intent to Distribute 500 Grams or More of Methamphetamine |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Vernon Wilson, DEA TFO
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: _____ 8/6/76 _____

_____
*Judge's signature*

City and state: _____ Amarillo, Texas _____

Lee Ann Reno, U.S. Magistrate Judge
_____
*Printed name and title*

2:26-MJ-144

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Vernon J. Wilson, being duly sworn, deposed and state

1. I am a Task Force Officer assigned to the Drug Enforcement Administration (DEA) in Amarillo TX. I was employed for thirty-one (31) years with the Amarillo Police Department. I am currently employed by the 47th District Attorney's Office as an investigator, and have been so employed for last eleven years.

2. As part of my duties as a task force Officer, I investigate criminal violations related to narcotics trafficking and illegal drug smuggling. I have been involved in numerous investigations of illegal contraband and have specialized training and knowledge in investigating the illicit smuggling, transportation, and trafficking of narcotics in violation of Title 21, United States Code, Section 841(a)(1).

3. This affidavit is made in support of a complaint and arrest warrant for Juantray Keon CLEVELAND and Jaleisia Marie BUCKLEY. I am familiar with the information contained in the affidavit based upon my own personal investigation, as well as conversations with other law enforcement officers involved in this investigation.

4. On August 4, 2026, A Amarillo Police Department (APD) canine officer was working criminal interdiction at the Greyhound Bus maintenance shop located at 400 S. Monroe, Amarillo, Texas.  At approximately 5:15 a.m., The officer conducted a free air sniff utilizing his canine on the luggage compartment of a Greyhound Bus. The canine alerted for the odor of narcotics being emitted from a silver and tan "IT" roller suitcase. Upon conducting a probable cause search of the suitcase the officer observed six (6)

bundles wrapped in black tape that contained a crystalline substance believed to be methamphetamine. Through further examination of the suitcase, the officer located a clear heat-sealed package containing a white rocky substance believed to be cocaine, a clear heat-sealed package containing multicolored pills believed to be ecstasy, and two (2) packages containing buds of suspected marijuana. The band name on the packaging was "Sunday's Deli".

5. DEA TFO Vern Wilson was notified of the investigation and seizure. DEA TFO'S Wilson, Thomas Newton, Jeremy Hoffman, and DEA RAC Matthew Hundley responded to the bus maintenance barn. A plan was formulated to have the Greyhound Bus pick up the passengers at the bus station. The Greyhound Bus was driven to the bus station, and the passengers were notified that there was a mechanical problem with the bus. The passengers were asked to remove their luggage from the luggage compartment of the bus and to wait for a replacement bus to continue the trip. At approximately 6:18 a.m., the bus arrived at the bus station. At approximately 6:21 a.m., TFO Wilson observed a black male, later identified as Jauntray Cleveland, remove the grey and tan "IT" suitcase that contained the narcotics and a grey duffel bag from the luggage compartment. Cleveland approached a black female, later identified as Jaleisia Marie Buckley, who was standing to west of the bus on the sidewalk. Cleveland gave the "IT" suitcase and duffel bag to Buckley. APD Officers arrived at the scene and arrested Cleveland and Buckley. During the arrest of Buckley, TFO Newton asked Buckley if the suitcase was hers. Buckley stated, "yes."

6. Buckley and Cleveland were transported to the DEA Amarillo Resident Office (ARO) for further investigation. While at the ARO, TFO Wilson learned that an officer located a loaded 9mm pistol in the backpack that Buckley was wearing

7. TFO'S Wilson and Newton conducted a recorded interview with Cleveland. At approximately 7:18 a.m., TFO Wilson read Cleveland his Miranda warnings. Cleveland refused to make a statement.

8. At approximately 7:27 a.m., TFO'S Wilson and Newton Mirandized and conducted a recorded interview of Buckley. During the interview, Buckley admitted to being in possession of and the ownership of the 9mm pistol found in her backpack. Buckley stated that Cleveland was aware that Buckley was in possession of the 9mm pistol. The 9mm pistol is described as a Taurus Arms G3C displaying serial number ADA805115.

9. Upon further examination of the grey and tan "IT" suitcase TFO Wilson observed articles of clothing matching both Cleveland and Buckley's sizes. There was also a meal heat sealer in the suitcase.

10. An officer conducted a field test on one of the packages of methamphetamine. The result was positive for methamphetamine. The total weight of the methamphetamine was 12 gross pounds. TFO Wilson conducted a field test on the suspected cocaine. A sample tested positive for cocaine. The total weight of the cocaine was 545.1 gg. The total weight of the suspected ecstasy was 369.6 gg. The total weight of the suspected marijuana was 83.5 gg.

11. The quantity of the controlled substances and the manner the controlled substances were packaged are consistent with distribution as opposed to someone's personal use.

12. Based upon the foregoing, there is probable cause to believe that Buckley and Cleveland did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

Vernon Wilson
Task Force Officer
Drug Enforcement Administration

Attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 on the 6th day of ___August___, 2026.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

Anna Marie Bell
Assistant United States Attorney